77 Mich., 632; Santa Clara M. & L. Co. v. Hayes, 18 Pac. R., 391; Central Salt
Co. v Guthrie, 35 O. S., 666; Emery v. Ohio Candle Co., 47 O. S., 320. The wis-
dom of these and many other like decisions is vividly illustrated in the public
history of the times.

The legal character of this contract perhaps accounts for the allegations in
which the defendant charges the plaintiff with its violation. Those allegations
are wholly unsupported by the evidence. They are affectations of virtue, such
as are frequently observed in the testimony of those who "turn state's evidence."

Counsel for the plaintiff in error also insist that the trial court erred in over-
ruling their objections to the evidence by which the defendant showed the nego-
tiations between the parties, the execution of contemporaneous agreements be-
tween the defendant and other mill owners, and the subsequent correspondence
and conduct of the parties touching the machinery and the business of the plain-
tiff. The trial court was not concerned in ascertaining the rights and duties of
parties arising out of a contract confessedly valid as against every consideration
of public policy. It was chiefly concerned in ascertaining whether the contract
had been entered into for purposes which a due regard to the interests of the
public forbid. In its inquiry and judgment it was not even restricted to the
issues joined between the parties, for it was its duty to refuse to enforce the con-
tract even though its validity was not challenged by either party. The mate-
riality of the facts which this evidence tended to establish, is shown by the cases
cited, and the competency of the evidence is thus made to appear.

But if in the mass of evidence admitted upon the trial there be some that is
incompetent, it affords no sufficient ground for reversing the judgment. The
case was tried to the court without the intervention of a jury, and its conclusion
is justified by evidence whose competency cannot be seriously doubted. The
record contains no evidence of questionable competency whose exclusion could
have changed the result of the trial. Thayer v. Luce et al., 22 O. S., 62; Black
v. Hill, 32 O. S., 313; Kilbourne v. Fury, 26 O. S., 153; Cook v. Penrhyn Slate
Co., 36 O. S., 135.

The judgment will be affirmed.

Little & Spencer, for plaintiff.

Judson Harmon, for defendant.

---

# BILLS OF EXCEPTIONS.

[Lucas Circuit Court, September Term, 1892.]

Scribner, Bentley and Haynes, JJ.

## CHARLES W. PELSUE ET AL. v. J. P. CHILDS ET AL.

1. COURT WILL EXAMINE WHOLE RECORD.

Under the act of April 15, 1890, (89 O. L. 206), amending sections 5298, 5301 and 5302. Re-
vised Statutes, where a bill of exceptions is taken after the trial term of the court at
which the case is tried, a motion for a new trial being properly made at the trial term,
but continued until a succeeding term, the reviewing court will not consider errors
arising upon the trial of the cause, but will examine the whole record including such
bill of exceptions, to see if the verdict is sustained by sufficient evidence, or is con-
trary to law, if those questions are raised by the petition in error.

2. ACT OF 1890 RESTORED OLD PRACTICE.

The said act of 1890 had the effect of restoring the practice prevailing in Ohio prior to the
acts of 1887 and 1888 upon the subject of bills of exceptions.

On motion to strike bill of exceptions from the record and files.

SCRIBNER, J. (orally).

This is a motion to strike the bill of exceptions from the record and files in
the case of Pelsue v. Childs. The question presented is as to the proper con-
struction of the act of April 15, 1890, amending secs. 5298, 5301 and 5302 of the
Revised Statutes.

This was an action brought in the court of common pleas, triable to a jury, and was tried to a jury. The journal entries show this:

"On December 5, 1891, being the 64th day of the September term of said court, a verdict in said cause was rendered, an entry of which appears in the journal of said court in the words and figures as follows, to-wit:"

And here follows the copy of the verdict returned by the jury, which was a verdict in favor of the defendants.

"On December 22, 1891, being the 78th day of September term, 1891, an order in said cause was made, an entry of which appears on the journal of said court in the words and figures as follows, to-wit:

"Charles W. Pelsue v. J. P. Childs, 31,711, Mo., 398.—In this case as to all the exceptions taken by the plaintiffs in this cause, they having consented in open court thereto, and a motion for a new trial having been made by plaintiffs in this cause, but not decided at the present term of court, forty days after the close of the term at which such motion shall be decided is granted plaintiffs to prepare, present and have allowed, signed and filed their bill of exceptions herein as of the present term, for which purpose the journal of the present term is to be kept open."

This is the last entry appearing on the journal of the court of the September term, 1891—the term at which the cause was tried and the verdict rendered. Then follows this entry:

"At a term of the above named court, begun and held before the Hon. Isaac P. Pugsley, Hon. Gilbert Harmon, Hon. Reuben C. Lemmon, presiding judges, on January 4, 1892, among other proceedings had by and before said court, on February 5, 1892, being the 27th day of the January term, as appears by its journal of that day, were the following, to-wit: (Title of the case.) "This day this cause came on to be heard on the motion of plaintiffs to set aside the verdict and for a new trial herein, and the same was argued by counsel, and the court being now fully advised in the premises, on consideration thereof, overrule the same, to which plaintiffs except. It is therefore considered by the court that the said defendants go hence without day, and recover from the said plaintiffs their costs herein expended, taxed at $———, for which execution shall issue; and thereupon, plaintiffs having consented in open court thereto, forty days from the close of the present term is granted them to prepare and have allowed and signed, as of the present term, their bill of exceptions herein, both as to all errors occurring at the trial hereof, and in overruling said motion for a new trial and entering judgment thereon; and said bill of exceptions, when so allowed and signed, shall be filed as of the present term, and for such purpose the journals of this term are to be kept open."

On March 9, 1892, being the 55th day of the January term, an order in said cause was made, an entry of which appears on the journal of said court in the words and figures as follows, to-wit: (Title of cause.) "This day the plaintiffs prepared and presented to the court their certain bill of exceptions, which the court allowed and signed, and ordered the same to be filed with the pleadings as a part of the record herein, but not to be spread upon the journal. Bill of exceptions filed."

The motion for a new trial, which was duly filed, assigns various grounds for the motion:

"1. Irregularity in the proceedings of the court, and in the order of the court and in the abuse of discretion by the court, by which plaintiffs were prevented from having a fair trial.

"2. Misconduct of defendants.

"3. That the verdict was contrary to law.

"4. Newly discovered evidence material for plaintiffs, which they could not with reasonable diligence have discovered and produced at the trial.

"5. Errors of law occurring at the trial and excepted to by plaintiffs.

"6. Error of the court in granting the motion of defendants for a non-suit, and in directing the jury to return a verdict for defendants."

It may be noted, though it is not of any particular importance in the determination of this motion, that the motion for a new trial does not assign that the verdict is not sustained by sufficient evidence; it is averred that it is contrary to law. We have no knowledge of the allegation made in the motion as to the action of the court in directing a non-suit, or directing the jury to return a verdict for the defendants. We have no information upon that, except as it appears in the bill of exceptions, and probably it is not competent to bring that fact upon the record in any other method than by a bill of exceptions. It is not proper matter, perhaps, for a journal entry in the case. So far as the record and the journal entries show, the case was regularly submitted to a jury for trial, and a verdict returned by the jury for the defendants upon the testimony submitted in

the case; and except as it appears in the bill of exceptions, we have no showing whatever as to what testimony was submitted to the court and jury upon the trial.

It appears from the record and from the journal entries that the case was tried at the September term, 1891, and that the jury upon that trial returned a verdict for the defendants, and that a motion for a new trial was duly filed on behalf of plaintiffs. As shown in the record which I have just read, that motion was continued until the January term. No bill of exceptions was taken or filed at the September term. At the January term, the motion for a new trial was heard and overruled by the court, and judgment was rendered upon the verdict in favor of the defendants. And thereupon the plaintiffs took their bill of exceptions, which was signed by the court, and filed within the period prescribed by the statute after the January term—the January term, however, let it be remembered, not being the trial term of the court. And the ground upon which this motion is pressed by counsel for defendants is, not that there was fault in not signing a bill of exceptions within forty days after the trial term, the September term; but in not having prepared and filed it within forty days after the expiration of that term, ready for signature in case the motion for a new trial should be overruled at the ensuing or January term. There was no bill of exceptions prepared within said forty days; there was none filed, or at least the record shows nothing on that subject. There is an affidavit of counsel, but we have doubts as to such evidence being admissible upon an application of this kind.

The question presented here is a very difficult and embarrassing one. It arises upon the statute of April 15, 1890, as to its proper construction. We have given it very careful consideration, and will announce the best judgment we have been able to form upon the subject.

Prior to the passage of the act of 1887, and that of 1888, amending these several sections, it would be our understanding—as uniformly held by the courts—that as to exceptions taken during the progress of a trial, it was essential that a bill of exceptions should be taken and filed, either at the trial term, or within the period fixed by the statute after the rising of the court. That, observe, related to the exceptions taken on the trial, during the progress of the trial. Where there was a motion for a new trial, grounded upon the claim that the verdict was not sustained by sufficient evidence, the courts held with like uniformity, that if that motion should be continued to an ensuing term, and then disposed of, that a bill of exceptions embodying the testimony might be taken at that ensuing term, or within the time prescribed after the rising of the court; but that upon a bill of exceptions so taken, no case could be reviewed by the court as to errors arising upon the trial of the cause, although the court would go through the bill of exceptions to determine as to whether or not the verdict was sustained by sufficient evidence, and if found not to be so sustained, the court was clothed with power to reverse the judgment and remand it for a new trial. This doctrine was very fully stated in the case of M. & C. R. R. Co. v. Strader & Co., 29 O. S., 448. It has been generally followed in other cases—a doctrine which is so well understood that I need not take time to read it. In Miller v. Cincinnati, 47 O. S., 110, the court gave a construction to the acts of March 11, 1887, and April 11, 1888. The court said:

"Under secs. 5298, 5301 and 5302, Rev. Stat., as now in force, a bill of exceptions, if not taken at the time the decision objected to is made, is required to be taken within 30 days after the term at which the verdict of the jury is rendered, or the cause is decided when tried to the court, except that, if the trial judge or judges be absent from the district when the bill is prepared for allowance, the same may be deposited with the clerk, and signed, sealed and allowed by the judge or judges on or before the first day of the term next ensuing.

"Hence, where a motion for a new trial upon the ground that the verdict is not sustained by sufficient evidence, or is contrary to law, is filed in proper time after the verdict is rendered, but is not disposed of at that term, nor at a term within 30 days thereafter, a bill of exceptions to the overruling of the motion cannot be taken, and it is not error for

a reviewing court in such case to dismiss a petition in error on the ground that there is no valid bill of exceptions in the case."

After that ruling, completely revolutionizing the practice upon that subject, came the act now under consideration, of April 15, 1890, 87 O. L., 206, by which the three sections referred to by the supreme court were re-enacted in this form:

"Sec. 5298. The party excepting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not more than 40 days beyond the term at which the verdict of the jury is rendered, or the cause is decided when tried to the court."

Here is a plain, clear requirement that the party objecting to the decision must except at the time the decision is made, but time may be given to reduce the exception to writing not more than 40 days beyond the term at which the verdict of the jury is rendered, or the cause decided when tried to the court.

"Section 5301. When the decision is not entered on the record, or grounds of objection do not sufficiently appear in the entry, or the exception is to the opinion of the court on a motion to direct a non-suit to arrest the testimony from the jury, or for a new trial for misdirection by the court to the jury, or because the verdict, or if the jury is waived, the finding of the court is against the law and the evidence, the party excepting must reduce his exceptions to writing and present the same to the trial judge or judges for allowance within 40 days after the end of the term at which the verdict is rendered or the findings of the court is made; or where a motion for a new trial is made, and not decided by the court at the same term of court at which the verdict is rendered or the decision made, within forty days from the end of the term at which said motion is decided; provided further, that in case the trial judge or judges be absent from the district when such bill of exceptions is prepared for allowance, then the same may be deposited with the clerk of the court for the examination and allowance of such trial judge or judges, who shall be required to sign and seal said bill of exceptions on or before the first day of the next ensuing term of court.

"Section 5302. If the exception be not true, then, after it is corrected, the trial judge, or a majority of the judges composing the court, must allow and 'sign it' before the case proceeds, or if the party consents, within forty days after the term; or in case of the absence of the trial judge or judges from the district, as provided in the preceding section, then on or before the first day of the next ensuing term the bill of exceptions shall be filed with the pleading, and if the party request it, made part of the record, but not spread upon the journal; and if it is to be signed after the term, the journal must be kept open and the allowance and signing thereof entered thereon as of the term. Provided, that where exceptions are not signed during the progress of the trial, the party excepting shall submit the bill of exceptions to opposite counsel for examination not less than ten days before the expiration of said forty days, and the same shall be submitted to the trial judge or judges for his or their signature not less than five days before the expiration of said forty days. Provided further, that the trial judge or judges may, at his or their discretion, extend the time for signing such bill of exceptions for a period not exceeding ten days beyond the expiration of said forty days; and when such extension is allowed, the same shall be endorsed on the bill of exceptions by said trial judge or judges."

Now, for some reason or other, it is very difficult for us to understand exactly what is meant by this amended act. It appears to us to abound in inconsistencies and incongruities. We can only give to it such construction as it appears to us will reconcile its provisions. In brief, our conclusion is this: That substantially the old practice is restored by this enactment of April, 1890, i. e., the practice prevailing prior to the amendatory act of 1887 and '88, passed upon in 47 O. S , and that in accordance with this construction, as to all exceptions taken during the progress of the trial, the bill of exceptions should be taken and filed either during the trial term, or within the prescribed period after the rising of the court at the trial term, and that in so far as the grounds of the objection to the verdict and judgment are, that the verdict is not sustained by sufficient evidence, or is contrary to the law, and perhaps for some other grounds or causes for a new trial mentioned in the statute, the bill of exceptions may be taken at the term at which the motion for a new trial is disposed of, or within the prescribed period after the expiration of that term.

In this case there is a bill of exceptions taken at the term subsequent to the trial term. In so far as the grounds of objection to the verdict and judgment

.are based upon the claim that the verdict is not sustained by sufficient evidence, or is contrary to law, we think the plaintiff in error is entitled to have his bill of exceptions—or have the testimony set out in the bill, examined and reviewed by this court; but upon such review, we think we would not be warranted or authorized to consider objections or exceptions taken during the progress of the trial. We can only know, of course, what questions are presented by looking into the bill of exceptions, and we could not look into it if it should be stricken from the files. Certain questions may be presented in the bill of exceptions arising upon the action of the court overruling the motion for a new trial which the plaintiff is entitled to have examined and considered. We think, therefore, that the motion to strike this bill of exceptions from the record and files must be overruled; because, as I say, in so far as the action of the court, or of the jury, involves the sufficiency of the evidence to sustain the verdict, or presents the question as to whether the verdict is contrary to law, we think that the plaintiff in error is entitled to have the action of the court in that regard reviewed.

Upon looking into the bill of exceptions, we find—and it is agreed here— that the court directed the jury to return the verdict that was returned. It was by the order of the court, substantially, a non-suit, the record, however, presenting the verdict returned in the ordinary form, and after a trial of the cause. We think the action of the court in directing a non-suit could not properly be reviewed in this case, because that action took place on the trial, and was excepted to at the time of the trial, and therefore is one of the exceptions as to which the bill of exceptions should have been taken and filed at the term. But independent of this action of the court, and whether the court erred or not, we think we are entitled to look into the testimony to see whether or not the verdict is contrary to law.

For these reasons the motion to strike the bill of exceptions from the record and files will be overruled.

Orville S. Brumback, for the motion.

Isaac N. Huntsberger, *contra*.